NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-621

ANGELO BRACEY
VERSUS
CITY OF ALEXANDRIA

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 239,468
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

**********

JOHN D. SAUNDERS

JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
John D. Saunders, Judges.

MOTION TO DISMISS APPEAL DENIED.

Daniel E. Broussard, Jr.
Broussard, Halcomb & Vizzier
Post Office Box 1311
Alexandria, LA 71309
(318) 487-4589
COUNSEL FOR PLAINTIFF/APPELLEE:
    Angelo Bracey

**Brian D. Cespiva**
**The Cespiva Law Firm**
**711 Washington Street**
**Alexandria, LA 71301**
**(318) 448-0905**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**The Alexandria Municipal Fire and Police Civil Service Board**

**Steven M. Oxenhandler**
**Gold, Weems, Bruser, Sues & Rundell**
**2001 McArthur Drive**
**Alexandria, LA 71301**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**City of Alexandria**

**SAUNDERS, Judge.**

A joint motion to dismiss appeal was filed by the plaintiff-appellee, Angelo Bracey, and the defendant-appellee, The Alexandria Municipal Fire and Police Civil Service Board (civil service board), who claim that the issue on appeal is now moot. However, the defendant-appellant, City of Alexandria (city), has filed a memorandum in opposition to this motion and contends that the issue of the plaintiff's employment status is not final and thus, this appeal is not moot. For the following reasons, we deny the motion to dismiss appeal.

The plaintiff was initially terminated from the Alexandria Fire Department in April 2010, and he filed an appeal with the civil service board. The civil service board granted the plaintiff's motion to dismiss the city's disciplinary action by finding that the city had not timely completed its investigation of the plaintiff's alleged sick leave violations. On March 7, 2011, the trial court affirmed the decision of the civil service board. The plaintiff was reinstated to his employment with the city and returned to sick leave status.

On appeal before this court, the city is seeking review of the trial court's affirmation of the civil service board's dismissal of the city's disciplinary action against plaintiff that resulted in the plaintiff being reinstated to his employment. This appeal was lodged on May 18, 2011.

In the meantime, however, on December 1, 2011, the plaintiff was again terminated by the city for exhausting his sick leave. The plaintiff filed an appeal with the civil service board, but the board denied his appeal on March 25, 2011. The plaintiff has since filed an appeal with the trial court that is still pending as of the date of this opinion.

1

In their joint motion to dismiss, the plaintiff and the civil service board contend that the issue in the city's present appeal, the dismissal of the city's disciplinary action against plaintiff and his reinstatement, is moot because the plaintiff has been terminated a second time and is no longer an employee of the city. They point out that the civil service board has denied the plaintiff's appeal of his second termination, but also acknowledge that the plaintiff has filed an appeal of that decision to the trial court. Despite the pending appeal before the trial court, the plaintiff and the civil service board argue that any opinion by this court would be advisory since a decision in the city's appeal can give no practical relief because plaintiff is no longer employed by the city.

In opposition to the joint motion to dismiss appeal, the city avers that because the plaintiff's second termination has not reached a stage of finality, this appeal is not moot. We agree. If the trial court reverses the plaintiff's second termination on appeal, then the plaintiff may be reinstated to employment with the city. If we dismiss the city's appeal at this time, then the city may be left without a remedy to seek review of the dismissal of the city's first disciplinary action against plaintiff. Therefore, at this time, we deny the joint motion to dismiss this appeal.

**MOTION TO DISMISS APPEAL DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.